WILLIAM X. HAUSWIRTH, Doing Business as CRESCENT SEA FOOD PRODUCTS, Plaintiff, *v.* JERRY ROSENBERG, Doing Business as ATLAS FOODS, Defendant.

City Court of New York, Special Term, New York County, May 25, 1943.

*Joseph G. Glass* for plaintiff.

*John Taylor Breen* for defendant.

COLEMAN, J. Plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice in an action for the breach by defendant of an agreement in writing to sell and deliver to plaintiff 50,000 pounds of frozen Quebec eels. Defendant delivered 21,750 pounds. He asserts that his failure to deliver the remainder was due to the fact that the catch of Quebec eels in the 1942 season was insufficient to enable him to obtain a greater quantity than that which he supplied to plaintiff. The contract was entered into before the season's catch was made, and the argument for defendant is that implicit in the agreement was the condition that the catch should be sufficient to enable him to perform.

I need not decide whether that condition should be implied, for the evidence discloses that 650,000 pounds of eels were caught in the province of Quebec during the 1942 season and that, of these, 220,000 pounds were sold in the United States as frozen eels. Therefore, the size of the catch and the quantity made available in the United States in frozen form were greatly in excess of the requirements of this contract.

It is true that the catch was apportioned or prorated by the Canadian source of supply, with the consequence that defendant found himself unable to purchase more than 21,750 pounds. But the contract, which is specific in relation to all essential elements, is not expressly conditioned upon the ability of the defendant to purchase, either in the open market or from a special source, the merchandise which he agreed to sell to plaintiff, and no such condition may be implied. The case might be different if the merchandise, in sufficient quantity to meet the needs of the contract, proved to be nonexistent or failed to come into being. But the supply did not fail, nor was it diminished below the requirements of the agreement.

A contention like that made by the defendant was considered in *Canadian Industrial Alcohol Co., Ltd.*, v. *Dunbar Molasses Co.* (258 N. Y. 194). It was said (p. 198): "The argument for the defendant is that its own duty to deliver was proportionate to the refiner's willingness to supply, and that the duty was discharged when the output was reduced." Defend-

ant here contends that inasmuch as his only source of supply declined to furnish him with more than 21,750 pounds, he was relieved of his contractual duty to render full performance to the plaintiff. But defendant's agreement with plaintiff, which cannot be varied by parol evidence, does not make provision for merchandise " to be supplied in accordance with a particular contract between the defendant " and a certain company or association; it " does not keep the defendant's duty within boundaries so narrow " (p. 198). The argument for defendant is less substantial than in the *Canadian Industrial Alcohol Co., Ltd.*, case, for there the subject matter of the contract was " Refined Blackstrap [molasses] of the usual run from the National Sugar Refinery, Yonkers, N. Y.", while here the contract specifies only " Frozen Quebec Eels ", so that defendant's source of supply is not defined with equal precision. It is to be assumed that in making the contract, defendant " put its faith in the mere chance " that the catch would be the same as in previous years " and finding its faith vain, it tells us that its customer must have expected to take a chance as great"; there is " no reason for importing into the bargain this aleatory element " (pp. 199, 200).

It is unfortunate that no more than 220,000 pounds of frozen eels were distributed throughout the entire United States for the season in question, but it was defendant's contractual duty to furnish plaintiff with 50,000 pounds, and for his default he is answerable in damages.

The motion for summary judgment is granted to the extent of ordering an assessment to determine the damages sustained by plaintiff.

Order signed.